UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
GARY LA BARBERA, LAWRENCE KUDLA,
THOMAS GESUALDI, PAUL GATTUS,
THEODORE KING, CHESTER BROMAN,
FRANK FINKEL and JOSEPH FERRARA,
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training and
Vacation and Sick Leave Trust Funds,

                       Plaintiffs,           **MEMORANDUM and ORDER**

        -against-                              03-CV-1508 (SLT) (AKT)

R. RIO TRUCKING a/k/a R. RIO TRUCKING, INC.,
MMK TRUCKING, INC., RIO PAVING and
ROAD SAVERS, INC.,

                        Defendants.
----------------------------------------------------------------------x
**TOWNES, United States District Judge:**

      On March 28, 2003, plaintiffs, who are the trustees of certain employee benefit plans (the "Funds"), commenced this civil enforcement action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145, to recover unpaid and delinquent contributions allegedly owed to the Funds for periods from March 2, 1995, through at least October 31, 2001. Defendants now move for partial summary judgment, alleging that a six-year statute of limitations bars plaintiffs from recovering contributions for any period prior to March 28, 1997.[1] For the reasons set forth below, defendants' motions are denied.

---

    [1]This Court initially granted only two of the defendants – R. Rio Trucking, a/k/a R. Rio Trucking, Inc. ("Rio Trucking"), and MMK Trucking, Inc. ("MMK") – permission to file this motion. Thereafter, defendants Rio Paving and Road Savers, which are jointly represented by counsel other than the one who represents Rio Trucking and MMK, sought to join in this motion. Although Rio Paving and Road Savers did not request a pre-motion conference, which is a pre-requisite to moving for summary judgment before this Court, *see* Individual Motion Practice of Hon. Sandra L. Townes, ¶ III.B, they do not seek to advance any arguments other than those raised by Rio Trucking and MMK. Accordingly, Rio Paving and Road Savers' application to join in the motion is granted *nunc pro tunc*.

## *FACTS*

The facts relevant to defendants' motions are not in dispute. Rio Trucking and MMK are both New York corporations engaged in the business of hauling paving materials. Complaint at ¶¶ 8, 10, 11, 13; Amended Answer at ¶¶ 3, 4, 13. Both of these defendants have signed collective bargaining agreements ("CBAs") with Local 282 of the International Brotherhood of Teamsters. Rio Trucking signed a series of CBAs, effective for the periods from at least July 1, 1993, through at least June 30, 1999. Complaint at ¶ 21; Amended Answer at ¶ 9. MMK, which started business in 2001, was a signatory to the 1999-2002 and the 2002-2005 Nassau/Suffolk Heavy Construction & Excavating and Asphalt Industry Contracts with Local 282, which were effective from July 1, 1999, through June 30, 2005. Complaint at ¶ 22; Amended Answer at ¶ 10; Defendants R. Rio and MMK's Statement of Material Undisputed Facts Pursuant to Local Rule 56.1, dated Dec. 14, 2004 ("Def. 56.1 Stat."), at ¶¶ 9, 14; Plaintiffs' Statement in Response to the Statement of Defendants Rio Trucking and MMK, dated Jan. 6, 2005 ("Pl. 56.1 Stat."), at ¶¶ 9, 14.[2]

---

[2] These Rule 56.1 Statements were filed in connection with Rio Trucking and MMK's December 14, 2004, request for a pre-motion conference, and plaintiffs' January 6, 2005, response thereto. For reasons which are unclear, defendants did not serve and file Rule 56.1 Statements with their motions for summary judgment.

The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York expressly require that a Rule 56.1 Statement "be annexed to the notice of motion." Local Civil Rule 56.1(a). Failure to submit such a statement may constitute grounds for the denial of the motion. *Id.* However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and may "opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotations omitted).

Although defendants should have attached Rule 56.1 Statements to their notices of motion, this Court will not deny defendants' motion for their failure to do so. Instead, this Court deems the 56.1 Statement and the counterstatement filed in connection with defendants' pre-motion conference request to be the 56.1 Statement and counterstatement for purposes of this motion. However, defendants' counsel is admonished to review the Rule 56.1 requirements and to strictly adhere to them in the future.

According to plaintiffs, these CBAs and/or a Trust Agreement which was incorporated by reference therein required employers who signed the CBAs to make certain contributions to the Funds. Complaint at ¶¶ 23-24. These CBAs allegedly also required these employers to submit detailed "remittance reports" – written reports of the number of hours of "covered employment" performed by their employees. *Id.* at ¶ 25. In addition, according to the Declaration of Theresa Cody (an employee of Local 282), and under the terms of a Restated Agreement and Declaration of Trust (the "Trust Agreement") attached to that declaration, plaintiffs were authorized to conduct audits of the "pertinent books and records" of the employers and any "affiliated" business entities. Declaration of Theresa Cody, dated Aug. 2, 2005 (the "Cody Declaration"), at ¶¶ 8-9 (citing to the Trust Agreement at pp. 27-28).

Although defendants have not admitted the truth of any of the allegations in the foregoing paragraph, Rio Trucking and MMK both admit that they submitted monthly remittance reports to the Funds for hours worked by their drivers in covered employment. Complaint at ¶¶ 26, 29; Amended Answer at ¶¶ 12,14. Specifically, Rio Trucking concedes that it submitted monthly remittance reports for the months from March 1995 through November 1999, for January and February 2000, and for June and October 2001; MMK admits it filed such reports for the period from April 2001 through at least February 2003. *Id.* These defendants made contributions corresponding to the number of hours reported. Complaint at ¶¶ 27, 30; Amended Answer at ¶¶ 12,14.

In addition, the parties agree that Rio Trucking has submitted to at least two audits: one in "early 1998" and one in 1999. Plaintiffs allege that the former was a "partial audit" of Rio Trucking for the period from March 2, 1995, through August 31, 1997, and that the only documents provided by Rio Trucking were its owner's personal income tax returns. Declaration

of Ken Jones ("Jones Declaration"), at ¶¶ 6-7. The second audit allegedly commenced in the summer of 1999, and involved an examination of Rio Trucking's books and records for the period since September 1, 1997. *Id.* at ¶¶ 8-9. According to plaintiffs, it was during the course of this second audit, sometime in late August or early September 1999, that plaintiffs' auditor first discovered evidence that Rio Trucking was affiliated with Rio Paving and Road Savers. *Id.* at ¶¶ 10-12.

Plaintiffs imply that, after learning of this affiliation, they asked Rio Trucking to produce books and records relating to Rio Paving and Road Savers. Complaint at ¶ 62. According to plaintiffs, Rio Trucking not only failed or refused to comply with this request, but also failed or refused to supply its own books and records for the period from July 1, 1999, forward. *Id.* at ¶ 63. On March 28, 2003, plaintiffs commenced this action, seeking to compel Rio Trucking, Rio Paving and Road Savers to produce various books and records and seeking to recover unpaid and delinquent contributions allegedly owed by the defendants.

It is unnecessary to describe plaintiffs' complaint and the ten causes of action raised therein in great detail. For purposes of this motion, it suffices to note that plaintiffs allege, *inter alia*, that Rio Trucking used Rio Paving and Road Savers – both of which were not signatories to CBAs with Local 282 – to evade its own contractual obligations under the CBAs, and thereby underpaid contributions to the Funds for the period from March 2, 1995, through at least October 31, 2001. Complaint at ¶¶ 99, 103. Plaintiffs seek an order holding Rio Trucking, Rio Paving and Road Savers jointly and severally liable for "delinquent contributions found to be due and owing for the period from March 2, 1995 to October 31, 2001," as well as interest and liquidated damages. *Id.* at p. 23. Plaintiffs further allege that MMK is a successor to Rio Trucking, *id.* at

¶ 109, and demand that MMK be held jointly and severally liable for all sums owed to plaintiffs by Rio Trucking. *Id.* at p. 23.

Defendants now move for partial summary judgment pursuant to Fed. R. Civ. P. 56, principally arguing that the six-year statute of limitations applicable to civil enforcement actions brought pursuant to 29 U.S.C. §1132 bars plaintiffs from recovering contributions for any period prior to March 28, 1997. Plaintiffs respond by arguing that, under the so-called "discovery rule," the claims raised in the complaint did not accrue until 1999, when the second audit discovered Rio Trucking's affiliation with Rio Paving and Road Savers. In their reply, defendants assert that the "discovery rule" does not apply to this case and, even if it did, that plaintiffs had reason to know of defendants breach of the CBAs and/or the Trust Agreement referenced therein in "early 1998," when Rio Trucking provided only its owner's personal tax returns in response to plaintiffs' request for books and records.

## *DISCUSSION*

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of fact and that it is entitled to judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). These principles apply whether the movant is the plaintiff and is seeking summary judgment upon claims raised in the complaint, or is a defendant seeking summary judgment on an affirmative defense such as the statute of limitations. *See Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995).

In this case, defendants move for partial summary judgment, alleging that the statute of limitations bars plaintiffs from recovering contributions for the period prior to March 28, 1997. As defendants correctly note, and as plaintiffs concede, ERISA does not prescribe a limitations period for civil enforcement actions brought pursuant to 29 U.S.C. §1132. See *Miles v. N.Y. State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983). The controlling limitation period is, therefore, borrowed from "the most nearly analogous state limitations statute." *Id.* (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980)). Since employee benefit plans are contracts, and New York law prescribes a six-year period of limitations for contract actions, *see* N.Y. C.P.L.R. §213(2), plaintiffs had six years from the date on which their claims accrued in which to bring this action. *See*, *e.g.*, *id.*; *In re J.P. Morgan Chase Cash Balance Litig.*, 460 F. Supp. 2d 479, 483 (S.D.N.Y. 2006).

The parties agree that a six-year limitation period applies to this action. Defendants' Memorandum of Law in Support of its Request for Summary Judgment at 7; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Memo") at 4. However, the parties disagree as to when an ERISA claim brought pursuant to 29 U.S.C. §1132 accrues – that is, when the six-year statute of limitations starts to run. Principally relying on Third Circuit cases, defendants urge this Court to apply New York law, which dictates that contractual claims accrue when the breach of contract occurs, not when the breach is discovered. Reply Memorandum of Law on Behalf of Defendants R. Rio Trucking and MMK Trucking, Inc., ("Reply Memo") at 3 (citing *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402-04, 599 N.Y.S.2d 501, 502-04 (1993)). Plaintiffs, however, argue that federal law, not

6

state law, governs the issue of when these claims accrue and that plaintiffs' claims against defendants "did not accrue until [plaintiffs] knew or had reason to know of the failure to pay benefit contributions." Pl. Memo at 5.

Plaintiffs are correct. "In a federal question case, such as *Miles* [and this case], when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007); *see also Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir. 1993) ("Federal law governs the question of when a federal claim accrues notwithstanding that a state statute of limitations is used."). In applying federal law, federal courts "generally employ[] the 'discovery rule,' under which 'a plaintiff's cause of action accrues when he [or she] discovers, or with due diligence should have discovered, the injury that is the basis of the litigation.'" *Guilbert*, 480 F.3d at 149 (quoting *Union Pac. R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998)). Thus, courts in this Circuit and elsewhere have repeatedly held that ERISA claims brought pursuant to 29 U.S.C. §1132 accrue "when the plaintiff knows or has reason to know of the injury that is the basis of [the] action." *See*, *e.g.*, *N.Y. State Teamsters Conference Pension & Retirement Fund v. Syracuse Movers, Inc.*, Nos. 5:02-CV-733 (NPM), 5:03-CV-842 (NPM), 2004 WL 2931663, at *5 (N.D.N.Y. Nov. 22, 2004); *Hanley v. Apertivo Rest. Corp.*, No. 97 Civ. 5768 (MBM), 1998 WL 307376, at *7 (citing cases). In so holding, at least one of these courts has expressly rejected the very argument that defendants are making in this case, stating:

> It is . . . true that in New York, a statute of limitations begins to run from the date a contract is breached, and not the date the breach was discovered. *See El[y]-Cruikshank Co.*, 81 N.Y.2d at 402, 599 N.Y.S.2d at 502. However, federal, not state law, governs when

7

> the statute of limitations begins to run in a claim for unpaid
> contributions under ERISA. *See . . . Northern California Retail
> Clerks Unions and Food Employers Joint Pension Trust Fund v.
> Jumbo Markets, Inc.,* 906 F.2d 1371, 1372 (9th Cir.1990). Under
> federal law, such a claim accrues "when the plaintiff knows or has
> reason to know of the injury that is the basis of the action." *Id.*

*Syracuse Movers, Inc.*, 2004 WL 2931663, at *5.

"Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued." *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). A defendant must shoulder that burden regardless of whether a defendant is seeking summary judgment or raising the limitations issue at trial. *See Ramey v. District 141, Int'l Ass'n of Machinists & Aerospace Workers*, No. 99-CV-4341 (ERK)(RML), 2002 WL 32152292, at *7 (E.D.N.Y. Nov. 4, 2002) ("At summary judgment the burden of providing proof of a prima facie case that a claim is barred [by] an affirmative defense, such as the statute of limitations, rests with the party asserting that defense."). Defendants "cannot carry [this] burden merely by pointing to the absence of evidence supporting the non-moving parties claim" or position, but must come forward with affirmative evidence showing the absence of a triable issue of fact regarding the validity of the defense. *Levy v. Aaron Faber, Inc.*, 148 F.R.D. 114, 119 n.1 (S.D.N.Y. 1993), *see* 27A Fed. Proc., L. Ed § 62:664 (Lawyers Cooperative Publishing 1996).

Defendants have not met their burden. First, although defendants urge this Court to preclude all claims for contributions for periods prior to March 28, 1997, defendants have not provided any evidence that plaintiffs' claims accrued on that date. Indeed, in their Reply Memo, Rio Trucking and MMK imply that plaintiffs first learned or had reason to know of Rio Trucking's breach of contract in "early 1998," when Ken Jones, an employee of plaintiffs'

8

accountants, learned that Rio Trucking's bookkeeping was "irregular." *Id.* at 6. Even assuming, however, that plaintiffs' claims accrued in early 1998, none of plaintiffs' claims in this action – which was commenced in 2003 – would be time barred.

Second, even if defendants had adduced evidence that plaintiffs' claims accrued on March 28, 1997, plaintiffs' submissions are sufficient to create a genuine issue of material fact as to when plaintiffs knew or had reason to know of defendants' breach of contract. Plaintiffs have introduced evidence that they first discovered Rio Trucking's affiliation with Rio Paving and Road Savers in September 1999, during Jones' review of Rio Trucking's books and records for the period from September 1997 onwards. *See* Jones Declaration at ¶ 11. Jones acknowledges having previously audited records for the period from March 2, 1995, through August 31, 1997, but denies having previously uncovered any evidence of the affiliation or the breach of contract. *Id.* at ¶¶ 6-7.

Since defendants have neither met their burden of proving that the limitations period has expired since the plaintiff's claims accrued, nor come forward with affirmative evidence showing the absence of a triable issue of fact regarding the validity of the statute of limitations defense, defendants' motions for partial summary judgment are denied. *See Overall*, 52 F.3d at 403; *Ramey*, 2002 WL 32152292, at *7. In light of this conclusion, it is unnecessary for this Court to address defendants' remaining arguments, which relate to the issue of whether plaintiffs adequately pled or can establish a factual basis for equitable tolling of the statute of limitations.

## *CONCLUSION*

For the reasons set forth below, defendants' motions for partial summary judgment are denied.

**SO ORDERED.**

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 26, 2007