**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GARY LA BARBERA, LAWRENCE KUDLA,
THOMAS GESUALDI, PAUL GATTUS,
THEODORE KING, CHESTER BROMAN,
FRANK FINKEL and JOSEPH FERRARA,
As Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity Job Training, and
Vacation and Sick Leave Trust Funds,

       Plaintiffs,

   -against-

R. RIO TRUCKING a/k/a R. RIO TRUCKING, INC.,
MMK TRUCKING, INC., FRANK RIO d/b/a
RIO PAVING, and ROAD SAVERS,

       Defendants.
----------------------------------------------------------------X
GARY LA BARBERA, LAWRENCE KUDLA,
THOMAS GESUALDI, PAUL GATTUS,
THEODORE KING, CHESTER BROMAN,
FRANK FINKEL and JOSEPH FERRARA,
As Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity Job Training, and
Vacation and Sick Leave Trust Funds,

       Plaintiffs,

   -against-

MMK TRUCKING, INC., and ROAD SAVERS,

       Defendants.
----------------------------------------------------------------X

**DECISION
AND ORDER**

CV 03-1508 (JBW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

   In a previous short-form Order, this Court GRANTED, in part, Defendants' motion to take a deposition of Plaintiffs' auditors and stated that the substantive written decision would follow. *See* DE 175. This Order constitutes the substantive written decision.

**I.     PERTINENT BACKGROUND INFORMATION**

The parties are aware that as part of her Findings of Fact and Conclusions of Law after the bench trial in this case [DE 137], Judge Townes held that R. Rio Trucking, Inc. and Rio Paving/Road Savers are jointly and severally liable for Fund contributions for all covered work performed by R. Rio Trucking, Inc. and Rio Paving/Road Savers employees during the period of R. Rio Trucking, Inc.'s operation – from at least October 1, 1998, to at least April 27, 2001. Similarly, Judge Townes determined that MMK and Rio Paving/Road Savers are jointly and severally liable for Fund contributions for all covered work performed by MMK and Rio Paving/Road Savers' employees during the period from MMK's inception in 2001 until December 31, 2005 – the end of the period covered by the two lawsuits at issue.

Because it was not possible to determine accurately the amount of contributions owed to the Funds based on the record before her, Judge Townes decided that the Court would re-open the evidence to conduct a damages inquest. She referred the matter to this Court to conduct the inquest and prepare a report and recommendation. The report and recommendation was also to address the questions of how much plaintiffs should be awarded in interest, liquidated damages, attorneys' fees and costs.

The parties previously argued that before any inquest can be conducted, there are multiple issues to be resolved. This Court directed counsel to file a joint statement of the outstanding issues which the parties maintained still needed to be resolved before an inquest was scheduled and the parties did so. *See* DE 145. As pertinent here, at an Omnibus Hearing on November 29, 2016, the Court issued a number of rulings and set a schedule for a letter motion to be filed by Defendants setting forth their arguments as to why they are entitled to further depose the auditors.

*See* DE 168.  As part of that briefing, counsel were further directed to address the issue of what is considered "covered work" under the operative collective bargaining agreement.  *Id.*  Defendants filed their motion on January 23, 2017 [DE 172] and plaintiffs filed their opposition on January 23, 2017 [DE 174].  As noted, the Court thereafter issued a short form order [DE 175] granting the motion in part.

II.    **MOTION TO COMPEL FURTHER EXAMINATION OF AUDITORS**

   A.    **Defendants' Argument**

Defendants' counsel[1] states that justification for further discovery regarding the prior audit results is found in Judge Townes' June 2, 2016 decision itself.  DE 172 at 1.  Counsel points out that the Plaintiffs engaged two auditing firms to attempt to establish the contribution liability for the Defendants.  According to Defendants' counsel, the firm of Wagner & Zwerman audited Defendants MMK Trucking, Inc. ("MMK") and Road Savers for the period running from March 15, 2001 to June 30, 2002 and for the period running from July 1, 2002 to December 31, 2005.  *Id*. at 2.  The second firm, Abrahams, Herde & Merkel, audited Rio Paving for the period running from March 2, 1995 to June 30, 1996 and performed a second audit for the period running from July 1, 1996 to December 30, 1998.  The Abrahams firm also audited RRT and/or RRT, Inc. for the periods running from July 1, 1997 to June 30, 1999 and July 1, 1999 to October 31, 2001.  *Id.*

---

[1]    Gerald V. Dandeneau, Esq., counsel for Defendants Road Savers, Inc., Frank Rio, d/b/a Rio Paving and R. Rio Trucking, Inc., advised the Court that the submission at DE 172 was being filed jointly on behalf of all defendants, including those represented by Richard Ziskin, Esq.

3

Defendants maintain that a further examination of the auditors is required because of the deficiencies of those audits as recognized by Judge Townes during the trial. *Id*. To support their position, Defendants point to their assessment of the outstanding issues concerning the audit which must be addressed before the inquest can proceed:

- Zwerman & Wagner made an "assumption" that the employees were performing "covered work";

- Abrahams, Herde & Merkel took the approach that unless the employee was administrative (*i.e.*, woman), the employee was performing covered work;

- the audit results were based on CBAs different from those applicable to the Defendants;

- Judge Townes' finding that the audits submitted did not cover the exact dates when the Defendants operated and no audit was produced for Defendant Road Savers for the period after June 25, 2003;

- Judge Townes' questioning whether the auditors applied the correct CBAs in conducting the audits and whether the audits submitted at trial contained all necessary information to determine the relevant contribution rates.

Defendants also rely on a 2014 decision issued by Magistrate Judge Brown in *Gesualdi, et al. v. F.G. Trucking, Inc., Deborah Guido and Frank Guido*, CV 12-3450 (E.D.N.Y. Dec. 29, 2014) which the Defendants assert addresses one of the same CBAs at issue in this case, namely, the Nassau/Suffolk Heavy Construction and Excavating and Asphalt Industry Agreement (the 2008-2011 "Heavy Agreement"). According to the Defendants, Judge Brown found that the work of the defendant F. G. Trucking was the "transportation of sand and gravel to nurseries and mason supply yards," which did not meet the definition of "covered work" under the Heavy Agreement. DE 172 at 4 (citing *F.G. Trucking* at 9). Ultimately, Defendants claim that

4

> the audit results relied upon by the Plaintiffs are clearly deficient in their determinations of whether hours calculated were in fact hours performed in covered work so as to require an assessment of liability against the Defendant non-signatories to the Asphalt agreement and the Heavy agreement.

*Id.* at 5. As a result, Defendants take the position that further discovery is "clearly required to determine this unresolved issue." *Id.*

### B. Plaintiffs' Argument

Plaintiffs argue that the Defendants should not be permitted to re-depose the Funds' auditors. *See* DE 174 at 1. Counsel describes as a "red-herring" Defendants' assertion that Judge Townes had questions about whether one of the auditors had reviewed the correct contract during the course of one of the audits at issue here. *Id*. Plaintiffs emphasize that "there is no dispute as to which contracts were signed by the signatory employers and those collective bargaining agreements . . . were produced in discovery and introduced at the hearing and/or submitted in Plaintiffs' post hearing submissions." *Id*. Counsel contends that the audits clearly identify the CBAs on which the auditors relied. *Id*.

With respect to Defendants' claim that the Funds' auditors may have included individuals who were reportedly not performing covered work, Plaintiffs maintain that this issue should be left for the inquest, not for further depositions. *Id* Plaintiffs contend that the auditors explained in detail in their depositions and at the hearing the details of their methodology and that, under ERISA, it was the Defendants' burden to keep accurate records "detailing the type and amount of work performed by their employees." *Id*.

Plaintiffs also argue that the Defendants' request for the production of records relied upon by the auditors in conducting their audits should be denied. *Id*. at 2. Referring to the Defendants'

5

prior protestations that discovery in both of these matters closed years ago, Plaintiffs argue that if defendants thought they needed additional documents, they should have requested them during discovery. *Id.* Likewise, plaintiffs contend that the records at issue are "in the custody and control of Defendants." *Id.* Although starting out with the argument that the issue of individuals performing "covered work," should be left to the inquest hearing, Plaintiffs nonetheless assert their position that the definition of a covered work includes "any trucking and hauling jobs in the region covered by the CBA." *Id.* Counsel points out that *Gesualdi* is an unpublished decision which is not binding on this Court and that Judge Townes purportedly reached the opposite conclusion in interpreting a Local 282 CBA "containing the same covered work position at issue in this litigation...." *Id*. Plaintiffs conclude their opposition by reasserting that the only issue for the inquest is whether the individuals identified in the audits at issue were performing trucking and hauling jobs within Nassau and Suffolk Counties and New York City. *Id*. at 3.

## III. DISCUSSION

Judge Townes was unequivocal in her Findings of Fact and Conclusions of Law that "... it is not possible to determine accurately the amount of contributions owed to the Funds based on the record before the Court." DE 137 at 69, 72. As a result, Judge Townes ordered the evidence in the case to be re-opened so that a damages inquest could be conducted. *Id*. The language utilized by Judge Townes makes clear her position that material information was missing from the record of the trial.

In discussing issues surrounding any calculation of delinquent contributions, Judge Townes stated the following:

> While the Court finds the testimony of both auditors to be entirely credible, their testimony raised some concerns regarding the manner in which they calculated the delinquent contributions. First, the auditors never observed what the companies' employees did and, therefore, lacked information concerning whether they were working as truckers or were engaged in some non-covered employment.

*Id*. at 42. Further, Judge Townes noted that although the Plaintiffs had introduced various audits, those audits did not cover the precise dates and entities she had discussed as part of the two consolidated lawsuits. *Id*. at 69. In particular, Judge Townes pointed out that the Plaintiffs had not introduced an audit of Rio Paving/Road Saver's books and records for the period after June 25, 2003. *Id*. She further raised a concern that "the methodology used by the auditors ***may not be sufficient*** to establish the contributions owed to the Funds." *Id*. at 70 (emphasis supplied). Having voiced this concern, Judge Townes added that the ***auditors' approach did "not suffice*** in the context of a trial in which the burden is on Plaintiffs to prove the amount of contributions owed to the Funds." *Id*. (emphasis supplied).

Likewise, the Conclusions of Law express a lack of confidence "that the auditors were consulting the correct CBAs and MOAs in determining the relevant contribution rates." *Id*. Judge Townes added that "... while the CBAs and MOAs signed by RRT and MMK were introduced at trial, the Court is uncertain whether these documents contained ***all the information necessary*** to ascertain the relevant contribution rates." *Id.* at 70-71 (emphasis supplied). As part of the post-trial proceedings, Plaintiffs submitted the declaration of Anthony Pirozzi, Vice-President of Local 282, with multiple exhibits attached. *Id*. at 71. Defendants complained that many of these documents were not mentioned in the proposed Joint Pre-Trial Order and were not raised at trial. The Judge agreed that it would be inappropriate to consider these attachments

7

without re-opening the evidence. *Id*. In the very next sentence of her decision, Judge Townes did exactly that. *Id.*

Conducting the inquest with the very same information the parties had before trial would run counter to the directive that the ***evidence*** be re-opened. A reasonable inference can be drawn that Judge Townes intended the record to be re-opened in order to include material information which was not previously part of the record. Given the statements regarding the auditors, it makes sense that the Defendants should have the opportunity to continue their depositions to address and resolve the issues brought up at trial, before the inquest takes place, to ensure that there is an accurate factual basis for an award of damages based on delinquent contributions. This Court finds that continuing the auditors' depositions is warranted and hereby orders that the continued depositions be completed within the next 60 days. Defendants may explore the area of "covered work" at the continued depositions to the limited extent of obtaining an understanding of how the auditors reached their conclusions regarding covered work. However, a determination of who was or was not performing covered work will be addressed at the inquest.

With regard to the Defendants' demand for all of the records the auditors relied upon in conducting their audits and reaching their findings and conclusions, this request is denied. These records are the Defendants' records and were produced during discovery. It appears from the docket that no need for additional documents with respect to the audits was ever brought to the attention of the Court nor was any request for relief or judicial intervention on this issue made by the Defendants during the course of discovery - even after the auditors' depositions were completed. Moreover, as Plaintiffs point out, the audits at issue list the documents reviewed by the auditors.

The Court is granting one exception here. Since Judge Townes' decision reflects the fact that no audit was apparently produced for Road Savers for the period after June 25, 2003, Plaintiff's counsel is directed to produce the subsequent missing audit(s) within 14 days or confirm in writing that no further audits were ever undertaken with respect to Road Savers.

To the extent any information arises during the further examination of the auditors which demonstrates that they utilized other records or information to reach their results and conclusions, beyond those provided by the Defendants, then Plaintiffs are directed to produce those records forthwith.

The Inquest is set down for December 12, 2019 at 10 a.m. in Courtroom 910. This date will not be adjourned.

**SO ORDERED:**

Dated: Central Islip, New York
September 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge